IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **HOPE BRANHAM,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00623-P-BP |
| § | |
| **U.S. BANK NATIONAL** § | |
| **ASSOCIATION,** *et al.*, § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Notice of Voluntary Dismissal, filed November 11, 2023 (ECF No. 26).

Also pending before the Court are Plaintiff's "Motion to Provide Positive Evidence 'Ultimate Facts in Conclusion of Law' for Dismissal" (ECF No. 8) and Motion to Remand (ECF No. 9); Defendants' Motions to Dismiss (ECF Nos. 10, 12); and Plaintiff's "Motion to Enforce Payment" (ECF No. 15).

After considering the notice and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** this case **without prejudice**. Because this would render all other pending motions **MOOT**, the undersigned further **RECOMMENDS** that Judge Pittman **DENY** all other pending motions.

An action may be dismissed by a plaintiff without order of the court by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). The right to voluntarily dismiss an action before the filing of an answer or summary judgment motion is "absolute and unconditional" and may not be "extinguished or circumscribed by adversary or court." *Int'l Driver Training Inc. v. J-BJRD Inc.*,

202 F. App'x 714, 715-716 (5th Cir. 2006) (quoting *Am. Cyanamid Co. v. McGhee*, 317 F. 2d 295, 297 (5th Cir. 1963) and 8 James W. Moore et al., *Moore's Federal Practice*, § 41.33[2], at 41-48 (Matthew Bender 3d ed. 2006)). A notice of voluntary dismissal under this rule is "self-executing," and no further court action is required. *Id.*

Although Defendants have filed motions to dismiss (ECF Nos. 10, 12) and other pleadings (ECF Nos. 17-20, 22-23), they have not filed an answer or a motion for summary judgment. While a court order is not required to dismiss the case, such an order would promote consistency, clarity, and efficiency. Thus, the undersigned **RECOMMENDS** that Judge Pittman **DISMISS** the case **without prejudice** and **DENY** all other pending motions as **MOOT**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 28, 2023.

                                            Hal R. Ray, Jr.
                                            UNITED STATES MAGISTRATE JUDGE